FILED '22 09 28 AM10:25 MDGA-ALB

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

L.G.,                                :
                                     :
        Plaintiff,                   :
                                     :
VS.                                  :    7:22-CV-11 (TQL)
                                     :
Commissioner of Social Security,     :
                                     :
        Defendant.                   :
_____      :

## ORDER

This Social Security appeal is presently before the Court on Plaintiff's Motion for Attorney's Fees. (Doc. 13). The Court entered an order reversing the Commissioner's decision in this matter pursuant to Sentence Four of 42 U.S.C. § 405(g) and remanding it to the administrative level for further proceedings. (Doc. 11). Plaintiff seeks attorney's fees pursuant to 28 U.S.C. § 2412(d), a provision of the Equal Access to Justice Act (EAJA), in the amount of $350.00, plus costs in the amount of $402.00 pursuant to § 2412(a). (Doc. 13).

### Discussion

The EAJA, as codified at § 2412(d)(1)(A), provides that

> a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

A determination of reasonable fees under the EAJA is dependent on the facts of each case. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). Under § 2412(a), a judgment of costs may include

the filing fee, and said costs may be awarded to the prevailing party herein. A court may also award reasonable expenses of attorneys in addition to costs awarded under § 2412(a). § 2412(b).

The Commissioner responds that she does not oppose Plaintiff's application for attorney fees and costs, and requests that the Court order the award of attorney fees and costs separately, and not as a combined amount, as they are to be paid out of two separate funds. (Doc. 14). Having considered the facts of this case, the Court finds that the attorney's fees are reasonable.

Accordingly, Plaintiff's Motion for Attorney's Fees (Doc. 13) is **GRANTED**, and Plaintiff shall receive attorney's fees in the amount of $350.00 and costs in the amount of $402.00. Pursuant to the dictates of *Astrue v. Ratliff*, 560 U.S. 586 (2010), payment shall be made payable to Plaintiff and delivered to Plaintiff's counsel, unless Plaintiff does not owe a federal debt. If the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the Government may accept an assignment of EAJA fees and pay fees directly to Plaintiff's counsel.

**SO ORDERED**, this 28th day of September, 2022.

s/ ***THOMAS Q. LANGSTAFF***
UNITED STATES MAGISTRATE JUDGE